EMILY BEATTIE *vs.* UNITED ELECTRIC RAILWAYS CO.

JUNE 19, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence to recover for personal injuries. At the conclusion of the defendant's testimony the trial justice directed a verdict for the defendant. The case is before us on the plaintiff's exception to such direction.

The plaintiff was struck by an electric car owned and operated by the defendant. The accident occurred on .Smith street about opposite Peach Hill avenue in the town of North Providence. Smith street runs east and west. The plaintiff's home is on the north side of Smith street. On the morning of the accident she came out of her home at about 11 o'clock a. m. and, walking easterly on the north sidewalk, proceeded hurriedly toward a white pole where she expected to board the defendant's car which she had seen approaching from the west. The car track is located close

to the north side of the street which at this point has no curbing. The sidewalk which was unimproved, had a width varying from 6 to 8 feet measured from the north rail of the car track. At the point of the accident the width was 8 feet. The distance from the plaintiff's house to said white pole is about 175 feet. The motorman in charge of the electric car saw the plaintiff and, assuming from her conduct that she desired to board the car, turned off the power and permitted the car to coast towards the white pole. He also sounded the gong continuously to warn the plaintiff not to change her course and walk close enough to the car rail to come in contact with the overhang of the car. When the car was about to overtake the plaintiff she, without any warning and before she had reached the white pole, turned and, without looking in the direction of the car, attempted to cross the car track in front of the approaching car. Although the motorman immediately reversed the power, the right-hand corner of the car struck the plaintiff and threw her to the ground causing the injuries complained of. Witnesses testified that the car was from 3 to 5 feet away when she turned to cross the track.

Counsel for the plaintiff contends that she was not in a position of safety before she attempted to cross the track and that the motorman should have stopped the car when he saw her walking along the dirt sidewalk. This contention has no foundation in fact. The plaintiff was walking in a safe place. The motorman was warranted in assuming that she, knowing that the car was approaching, would remain in a position of safety and not suddenly step in front of the moving car. The car track is a known place of danger. Furthermore, the plaintiff knew that a car was approaching. Her injury was caused by her own negligence in stepping upon the car track without looking to see whether she had time to cross in safety. *Hutchins* v. *Bay State St. Ry. Co.*, 108 A. 285; *Burns* v. *R. I. Co.*, 110 A. 378; *Coburn* v. *U. E. Rys. Co.*, 128 A. 435; *Halliday* v. *R. I. Co.*, 42 R. I. 350.

Nothing tending to show negligence on the part of defendant was presented. No question of last clear chance was involved.

Plaintiff's exception is overruled and the case is remitted to the Superior Court for the entry of judgment for the defendant on the verdict as directed.

*Sherwood, Heltzen & Clifford,* for plaintiff.
*Clifford Whipple, Earl A. Sweeney,* for defendant.